IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                              Case No. 13-10111-JTM

STEVEN J. DENSON,

        Defendant.

MEMORANDUM AND ORDER

This matter is before the court following a Violation Report of the Probation Office as to defendant Steven Denson. (Dkt. 67). Immediately before the Preliminary Hearing scheduled for December 9, 2016, Denson moved (Dkt. 68) for the production of any witness statements supporting the Violation Report, invoking Fed.R.Crim.Pr. 26.2 and 32.1(e). Rule 26.2(a) provides that after a direct examination, a party must produce any prior written "statement" of the witness "that is in their [the party's] possession." Rule 32.1(e) makes Rule 26.2 applicable to supervised release hearings.

The magistrate judge determined that Rule 26 was inapplicable for two reasons. First, the probation officer's notes are not in the possession of the government. Rather, as an arm of the district court, the notes are in the court's possession. (Dkt. 71 at 2). Second, even if they were deemed to be in the possession of the government, they are not

"statements" of a witness as that term is explicitly defined in Rule 26.2(f), as they are contemporaneous personal notes rather than something the officer "adopts or approves." *See e.g. United States v. Melo*, 411 F.Supp.2d 17 (D. Mass. 2006).[1]

However, the magistrate judge further found that a separate provision in the supervised release revocation rule (Rule 32.1(b)(2)(B)), providing that a person charged with a violation is entitled to "disclosure of the evidence," provided an independent basis for reviewing the probation officer's notes. (Dkt. 71, at 2 (citing *United States v. Donaghe*, 924 F.2d 940 (9th Cir. 1991)). The magistrate judge therefore held that anything in the probation officer's file which was "used directly a source or evidence for the charged violations" was discoverable, and directed that the file should be provided for *in camera* review, which the magistrate judge would conduct "with the assistance of the probation officer." (*Id.* at 3). The magistrate judge then stayed the order to permit an appeal and stayed the preliminary hearing.

The government has appealed the decision, challenging not so much *what* was decided, as *who* decided it. Thus, the government argues, "Whether or not the defense is

---

[1] Other courts have reached the same conclusion. *See United States v. Rockot*, 2013 WL 5536224, *3 (W.D. Pa. Oct. 7, 2013) ("as the government aptly notes, [Rule 26.2] only applies to statements in its possession, and the government does not have the probation officer's chronological notes as they are confidential records which were prepared by the probation officer for use in carrying out her duties as a member of the judiciary, not as an arm of the government or part of the prosecution"); *United States v. Houston*, 2009 WL 2488176, *3 (E.D. Cal. Aug. 13, 2009) (" the chrono notes [of probation officer] are not in the government's constructive possession and so are not subject to production under Federal Rule of Criminal Procedure 26.2").

entitled [to] more than the violation report *i.e.*, to the chronological notes which are considered 'evidence' against the defendant, is a matter for the District Court Judge to decide." (Dkt. 73, at 3).

However, much of the government's brief seems to address separate issues. Thus, it cites authorities establishing that revocation proceedings indeed are not considered criminal in nature, that the probation office is considered a branch of the judiciary, and the probation officer acts as an agent of the court in issuing a violation report. (*Id*. at 2-4). But none of the cited authorities supports the conclusion that *only* a district court judge, and never a magistrate judge, may determine how evidence may be disclosed to a defendant. Ultimately, the government asserts that "[s]ince it is the District Court judges who sentence, and supervise defendants, it is the position of the United States that only a District Court judge can approve the production of documents contained within the files of the United States Probation Office." (Dkt. 73, at 4). The government cites no authorities in support of this conclusion.

Some inference might arise from the fact that the critical portion of Rule 32.1, which provides that "[t]he person [accused of a violation] is entitled to ... disclosure of the evidence," appears in Paragraph (b)(2) of the Rule governing the final "Revocation Hearing" which is conducted by "the court," rather than in Paragraph (b)(1) governing the "Preliminary Hearing" which "a magistrate judge ... conduct[s]." Rule 32.1(b)(2)(B).

Nonetheless, this is hardly a strong inference, and there is certainly nothing in the Rule which would prohibit a magistrate judge from making such a decision. From the point

of efficiency, there is much to recommend it. Under Rule 32.1(b)(1), the magistrate judge conducts the preliminary hearing, and must determine if the evidence supports a finding of probable cause of a violation. Thus, the magistrate judge will already be familiar with the case and the charged violations, and it will serve the interests of judicial economy to have the magistrate determine if additional evidence from the probation officer's notes should be disclosed.

The court's research has found one case which supports this conclusion. In *United States v. Mitchell*, 2009 WL 4114378, *1 (W.D.N.C. Nov. 23, 2009), the defendant facing a supervised release hearing sought discovery pursuant to Rules 26.2 and 32.1. The request was first heard by a magistrate judge, who granted limited discovery to the defendant, but denied the government's motion for reciprocal discovery under Rule 16. The district court affirmed both decisions. With respect to Rule 26.2, the district court agreed that "the magistrate judge correctly concluded that Rule 26.2, made applicable to supervised release hearings by Rule 32.1(e), does not require disclosure of witness statements until after the witness has testified on direct examination." *Id.*

More importantly for our purposes, the court effectively agreed that the magistrate judge may decide the issue of discovery, and that decision is entitled to deferential review: "The instant appeal involves a non-dispositive discovery matter; therefore, the Court's review is limited to determining whether the magistrate judge's decision was contrary to law or clearly erroneous." *Id.* (citing Rule 59(a)).

Under Rule 59(a), the court "may refer to a magistrate judge for determination any matter that does not dispose of a charge or defense." The scope of any discovery warranted by Rule 32.1(b)(2)(B) reflects such a nondispositive matter, and the court finds no basis for finding erroneous the Order of the magistrate judge.

IT IS ACCORDINGLY ORDERED this 13th day of December, 2016, that the government's Motion to Revoke (Dkt. 73) is hereby denied.

s/ J. Thomas Marten      J
J. THOMAS MARTEN, JUDGE
